[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2007
THOMAS K. KAHN
CLERK

No. 07-12134
Non-Argument Calendar
_____

D. C. Docket No. 06-00339-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON ANDRES VAZQUEZ-RESTREPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 29, 2007)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Marlon Andres Vazquez-Restrepo appeals his concurrent 135-month sentences imposed after he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States, a violation of 46 U.S.C. §§ 70506, 70508, and 21 U.S.C. § 960(b)(1)(B)(ii); and possession with intent to distribute five kilograms or more of cocaine while board a vessel subject to the jurisdiction of the United States, a violation of 46 U.S.C. §§ 70506, 70508, 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On appeal, Vazquez-Restrepo asserts that the district court erred by denying a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b). More specifically, Vazquez-Restrepo contends that his role in the conspiracy was minor when compared to his relevant conduct and the role of the other participants in the overall conspiracy because: (1) his only job was to count bales of cocaine; (2) he was not to share in the proceeds from the drugs; (3) he did not own or prepare the drugs; and (4) he did not plan the operation. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review a district court's factual findings regarding a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." De Varon, 175 F.3d at 945. The defendant, as the proponent of the downward adjustment, bears the burden of proving the

2

mitigating role in the offense by a preponderance of the evidence. Id. at 939. A district court, however, "is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. at 940.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). In determining whether a minor-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines." De Varon, 175 F.3d at 940. Under the first prong, which may be dispositive in many cases, "the district court must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing." Id. at 945. Relevant conduct is the "conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id.

Under the second prong, "the district court may also measure the

3

defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." Id. at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than most other participants in [the] relevant conduct." Id. at 944 (emphasis in original).

Here, Vazquez-Restrepo did not satisfy his burden on the first De Varon prong because the relevant conduct for which the district court held him accountable -- possession of the 1,590 kilograms of cocaine found on the vessel -- was identical to his actual conduct in the conspiracy. Moreover, the sheer quantity of drugs is evidence that a minor-role reduction was not warranted. See De Varon, 175 F.3d at 943 (noting that the "amount of drugs is a relevant factor and recogniz[ing] that under some circumstances it may be dispositive"). In short, the district court only held the defendant accountable for the drugs involved in the portion of the conspiracy in which he personally participated, and not for the broader conspiracy. Therefore, the first principle of De Varon precludes a minor role reduction.[1]

_____

[1] Given Vazquez-Restrepo's failure to carry his burden on the first prong, we need not reach the second De Varon prong, but we nevertheless observe that this second principle would also defeat the award of a minor-role reduction here. The only participants who may be considered are those involved in the relevant conduct attributed to Vazquez-Restrepo, specifically, the other

4

"So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945 (emphasis in original). Here, we cannot find clear error in the district court's conclusion that Vasquez-Restrepo played an integral role in the charged offenses and, accordingly, was not entitled to a minor-role reduction, pursuant to our decision in De Varon.

**AFFIRMED.**

---

crewmembers. See id. Vazquez-Restrepo's conduct appears to have been equal to that of the other crew members and the conduct of others who were involved in the overall scheme of transporting and selling cocaine. In fact, based on the government's evidence that Vazquez-Restrepo possessed a gun, the record indicates that he may have had the more substantial role -- when compared to other crew members without guns -- of guarding the cocaine. To the extent Vazquez-Restrepo highlights that, unlike other members of the broader conspiracy, he did not have an equity interest in the drugs, the conduct of others who were involved in the broader conspiracy -- the organizers or recruiters or those with an equity interest in the cocaine -- is irrelevant to the assessment of a Vazquez-Restrepo's role, because he was not charged with a larger conspiracy to import or distribute drugs, and, in any event, the other individuals are not identifiable from the evidence. See DeVaron, 175 F.3d at 944.